UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BARBARA MOTT, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

SYNCHRONY BANK,

        Defendant.

_____/

Case No. 8:18-cv-275-T-35AAS

**CLASS ACTION COMPLAINT
FOR DAMAGES AND
INJUNCTIVE RELIEF**

**Jury Trial Demand**

Plaintiff, Barbara Mott, by her undersigned counsel, brings this class action Complaint against Defendant, Synchrony Bank, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "Synchrony"), and alleges as follows:

## I.    NATURE OF THE CASE

1.    Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II.    PARTIES

2.    Plaintiff, Barbara Mott, is a natural person and a citizen of Florida, residing in Pinellas County.

3.    Defendant, Synchrony Bank, is the wholly owned subsidiary of Synchrony Financial, a consumer financial services company headquartered in Stamford, Connecticut.



Synchrony Bank is headquartered in Draper, Utah. Synchrony Bank does business in Florida and throughout the United States.

## III.    JURISDICTION & VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's claims arise under the laws of the United States, specifically 47 U.S.C. § 227. This Court will also have original jurisdiction over the Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332 (d), 1435. While neither the Plaintiff's nor any individual Class member's claims will likely exceed $75,000, the aggregate amount in controversy for the Class as a whole exceeds $5 million, exclusive of interests and costs, and the Plaintiff is a citizen of a different state from Defendant.

5.    This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this District and across Florida, and because many of the wrongful acts alleged in this Complaint were committed in Florida.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

- 2 -

automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, artificial or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

11.     On January 4, 2008, the FCC issued a Declaratory Ruling concluding that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory **Ruling"), 23 F.C.C. Rcd. 559 (2008).**

12.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such

- 3 -

number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. at 564-65 ¶ 10.

13. Moreover, "[c]alls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call," and thus "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC Declaratory Ruling, 23 F.C.C. Rcd. at 565 ¶ 10.

14. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to the Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C. at 565 ¶ 10.

## V. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Defendant

15. Defendant offers financing products, including credit, to consumers.

16. Defendant or its agent regularly attempts to collect debts associated with Defendant's financing products, on a nationwide basis.

17. Defendant or its agent has used, and continues to use, an automatic telephone dialing system ("ATDS") to make calls to cellular telephones to collect on debts without the prior express written consent of the cellular telephone owner.

18. Defendant or its agent failed to cease illegal calls even after having been expressly asked not to call by the telephone owner.

- 4 -

**B.  Factual Allegations Regarding the Plaintiff**

19.  Plaintiff is the subscriber of a cellular telephone number ending in 8577.

20.  On March 25, 2017, at approximately 8:42 a.m., Defendant or its agent called Plaintiff's cellular telephone from telephone number (678) 518-2904. Plaintiff did not answer the call, but dialed (678) 518-2904 and spoke with a representative who was unable to provide Plaintiff with any explanation for the call. Plaintiff asked Defendant or its agent not to call again.

21.  Defendant or its agent did not comply with Plaintiff's request, and instead called again at 9:57 a.m. that same day, again from (678) 518-2904. Plaintiff did not answer the call, but dialed (678) 518-2904, spoke with Defendant or its agent, and asked that Defendant or its agent explain why she was being called. Defendant or its agent was unable to provide an explanation other than to tell Plaintiff that the purpose of the call was for debt collection. Plaintiff explained that she had no debt and again asked that Defendant or its agent stop calling her.

22.  The next day, March 26, 2017, Defendant or its agent called Plaintiff's cellular telephone from telephone number (678) 518-2904 two more times. Plaintiff did not answer these calls, but following each call, dialed (678) 518-2904. Each time, Plaintiff spoke with Defendant or its agent and asked him or her to explain why she was being called. Each time, Defendant or its agent was unable to provide an explanation. Plaintiff again asked that Defendant or its agent stop calling her.

23.  On March 27, 2017, Defendant or its agent once again called Plaintiff's

- 5 -

cellular telephone from telephone number (678) 518-2904. Plaintiff did not answer the call, but called telephone number (678) 518-2904 the same day. This time, Plaintiff spoke with a supervisor who explained that Defendant or its agent was trying to collect on a debt associated with a Lowe's credit card. Plaintiff explained she does not have a Lowe's credit card, is not otherwise indebted to Lowe's, and asked that Defendant or its agent stop calling her. Defendant or its agent promised to look into the issue. The calls ceased after this conversation.

24.     Defendant is responsible for making the above-described ATDS-generated calls. Numerous consumer complaints online connect telephone number (678) 518-2904 to Defendant. *See*, *e.g*, https://800notes.com/Phone.aspx/1-678-518-2904/12 (last visited December 13, 2017).

25.     Plaintiff never gave Defendant prior express written consent, or consent of any kind, to receive ATDS-generated calls on her cellular telephone from, or on behalf of, Defendant.

26.     Defendant has made a significant number of ATDS-generated calls to persons on their cellular telephones in Florida, and throughout the United States.

27.     Defendant intends to continue to make ATDS-generated calls to persons on their cellular telephones in Florida, and throughout the United States.

28.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were charged for

- 6 -

incoming calls. The calls also occupied Plaintiff's and all members of the Class' cellular telephone lines from legitimate communication.

### C. Defendant Was Sued Previously for the Same Behavior

29.     Plaintiff's experience with Defendant is not unique. Others have lodged similar complaints after receiving unwelcome, ATDS-generated calls from, or on behalf of, Defendant.

30.     Defendant, formally known as GE Capital Retail Bank, was sued previously for similar behavior. That case, *Abdeljalil v. GE Capital Retail Bank*, Case No. 3:12-cv-02078-JAH-MDD (S.D. Cal.), was a class action that settled the claims of consumers who received ATDS-generated calls to their cell phones from Defendant or its agent between August 22, 2008 and June 16, 2016. Despite the classwide settlement in *Abdeljalil*, Defendant continues to make unlawful calls to consumers' cell phones.

## VI. CLASS ALLEGATIONS

31.     <u>Class Definition</u>.  Plaintiff brings this action individually and on behalf of all others similarly situated, as members of the proposed class (hereinafter the "Class") defined as follows:

> All persons in the United States to whom Defendant and/or a third party acting on Defendant's behalf, (a) made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system; (d) after June 16, 2016.

Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in

- 7 -

Defendant, Defendant's employees and agents, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

32.     Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, Plaintiff alleges that the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

33.     Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

        a.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227 (b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS;

        b.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227 (b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS, thus entitling Plaintiff and the Class to treble damages;

        c.      Whether Defendant is liable for ATDS-generated calls attempting to collect debt owed to Defendant made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

- 8 -

d. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

34. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

35. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class. Additionally, Plaintiff is a member of the Class.

36. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

37. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually

controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

38.    Injunctive and Declaratory Relief is Appropriate. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.  FIRST CAUSE OF ACTION
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A))

39.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class members using an ATDS.

- 10 -

41.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and Class members presumptively are entitled to an award of $500.00 in statutory damages for each and every call made to their cellular telephone numbers using and ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS in the future.

## VIII.  SECOND CAUSE OF ACTION
### (Knowing and/ or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

43.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class members using an ATDS.

45.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA,

47 U.S.C. § 227(b)(1)(A), Plaintiff and Class members are entitled to treble damages of up to $1,500.00, for each and every call to their cellular telephone numbers using an ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

46.      Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS in the future.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complain of herein violate the TCPA;

E.      An order enjoining Defendant and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

- 12 -

H.    Leave to amend this Complaint to conform to evidence presented at trial;

I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

DATED this ___31___ day of January, 2018.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
E-mail: rwmurphy@lawfirmmurphy.com;
rphyu@aol.com

Beth E. Terrell, Esq.
Adrienne D. McEntee, Esq.
TERRELL MARSHALL LAW GROUP,
PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
E-mail: bterrell@terrellmarshall.com
E-mail: amcentee@terrellmarshall.com
(To be admitted *pro hac vice*)

*Attorneys for Plaintiff*

- 13 -