UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Barbara Mott, *on behalf of herself and all others similarly situated*,<br><br>     Plaintiff,<br><br>  v.<br><br>Synchrony Bank,<br><br>     Defendant. | Civil Action No.: 8:18-cv-00275-MSS-AAS |

## MOVANT ROY CAMPBELL'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF BARBARA MOTT'S MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

Movant, Non-Party Roy Campbell ("Campbell"), through counsel, hereby submits this Memorandum of Law in Opposition to Plaintiff Barbara Mott's ("Mott") Motion for Appointment of Interim Lead Class Counsel (Doc. No. 18), as well as the Declarations of Sergei Lemberg and Stephen Taylor attached hereto.

## INTRODUCTION

Campbell had been prosecuting a putative class action against Defendant Synchrony Bank in the United States District Court for the Northern District of New York, Civil Action No. 1:17-cv-00080-MAD-DJS, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A) (the "Campbell Action") for more than a year longer than Mott, and seeks to represent a nearly identical class as the one Mott purports to represent. (*Compare* Doc. No. 1 ("Mott Compl.") ¶¶ 19-25, 31 *with* Campbell Am. Compl.[1] ¶ 25). The Campbell Action is *not* currently stayed; Campbell is currently actively prosecuting his case against Synchrony.

---

[1] A copy of the Campbell Am. Compl. is attached hereto as <u>Exhibit A</u>.

As set forth in Campbell's pending Motion to Transfer, (Doc. No. 18), this action (the "Mott Action") must be transferred to the United State District Court for the District of New York under the "first-to-file rule" for a decision regarding how the Mott Action should proceed in light of the Campbell Action. *See Laskaris v. Fifth Third Bank,* 962 F. Supp. 2d 1297, 1298-99 (S.D. Fla. 2013) (transferring later-filed case pursuant to first-to-file rule and noting that "[t]he Eleventh Circuit follows the first-to-file rule, and [w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit."); *Women's Choice Pharm., LLC v. Rook Pharm., Inc.*, No. 16-CV-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) Respectfully, the decision regarding who should serve as Interim Lead Class Counsel should be made by the United States District Court for the Northern District of New York, not this Court. Moreover, the Mott Action very well may be stayed pending a decision by the Northern District of New York, and thus Mott's Counsel cannot serve as Interim Lead Class Counsel while their own case is stayed.[2] Accordingly, Mott's Motion for Appointment of Interim Lead Class Counsel should be denied.

## **RELEVANT PROCEDURAL HISTORY**

On January 25, 2017, Campbell filed his Class Action Complaint. (Campbell Action at Doc. No. 1). On April 7, 2017, Campbell filed an Amended Class Action Complaint against Defendant Synchrony Bank ("Synchrony"). (Exhibit A).

---

[2] As discussed below, Mott's argument that its counsel should be appointed because this action is not stayed while *Campbell* is, (Doc. No. 15 at 4), should be rejected, as the stay in the *Campbell* action was lifted on April 5, 2018. (Taylor Decl. at ¶ 9). Given the likelihood that the Mott Action will be stayed pending a decision by the Northern District of New York, this factor tips in favor of Campbell, not Mott.

On August 11, 2017 the Court stayed the Campbell Action in light of a decision that was pending at the time in the United States Court of Appeals for the D.C. Circuit, *ACA International v. FCC*, No. 15-1211 (D.C. Cir.) ("*ACA*"). (Campbell Action at Doc. No. 27).[3]

On February 2, 2018, Mott filed her Complaint. (Doc. No. 1).

On February 19, 2018, before Synchrony even executed a waiver of service in this case, counsel for Campbell contacted Mott's counsel to advise that he represented Campbell "and the class" and inquired whether Mott's counsel was willing to stay this case and transfer it to the United States District Court for the District of New York. (Taylor Decl. at ¶ 8). Mott's counsel never responded to Campbell's counsel. *Id.*

On March 16, 2018, the United States Court of Appeals for the D.C. Circuit issued its decision in *ACA*. On April 5, 2018, the Court in the Campbell Action lifted the stay. (Taylor Decl. at ¶ 9). On the same day, Plaintiff served his First Set of Interrogatories and Request for the Production of Documents on Synchrony, seeking information and materials regarding both Plaintiff's individual claim as well as those of the putative class. (Taylor Decl. at ¶ 10).

On April 4, 2018, Mott's counsel moved to be appointed interim class counsel. (Doc. No. 15). On April 5, 2018, Campbell moved to transfer the Mott Action to the Northern District of New York. (Doc. No. 18). On April 11, 2018 Campbell moved to be appointed interim class counsel in the Campbell Action. (Campbell Action at Doc. No. 37). This Opposition to Mott's Motion to Appoint Interim Lead Class Counsel follows.

---

[3] Had Mott filed her Class Action Complaint earlier, the Mott Action would also likely be stayed. *See, e.g., Saleh v. Me Bath Spa Experience, LLC*, No. 17-CV-62322, 2018 WL 398325 (S.D. Fla. Jan. 12, 2018) (staying TCPA case pending *ACA*); *Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-CIV, 2017 WL 1733855 (S.D. Fla. Apr. 14, 2017) (same); *Coatney v. Synchrony Bank*, No. 616CV389ORL22TBS, 2016 WL 4506315 (M.D. Fla. Aug. 2, 2016) (same); *Ricks v. Allied Interstate, LLC*, No. 316CV00205HESPDB, 2016 WL 4505173 (M.D. Fla. July 11, 2016) (same).

# ARGUMENT

## I. MOTT'S REQUEST FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL SHOULD BE DENIED

### a. The Northern District of New York Should Appoint Interim Lead Class Counsel

"Competing lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results" and therefore under the "first-to-file" rule, when there are two similar class action cases involving the same parties "the entire action should generally be decided by the court in which the action was first filed." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012) (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). In addition, "once the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *Id.,* 859 F. Supp. 2d at 1325. Instead, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Id.* (internal citations and quotation marks omitted).

Mott characterizes the Campbell Action as a "similar proposed class action" against Synchrony. (Doc. No. 15 at 2). Accordingly, a straightforward application of the "first-to-file rule" should result in a transfer of the Mott Action to the Northern District of New York for a determination regarding how the two cases should proceed, including who should be appointed interim lead class counsel. Regardless of who is ultimately appointed interim lead class counsel, the decision should be made in the Northern District of New York.

Mott argues that the fact that the Mott Action was filed after the Campbell Action "should not preclude the appointment of TMLG and Robert W. Murphy as interim lead counsel." (Doc. No. 15 at 4). She cites *Outten v. Wilmington Tr. Corp.*, for the proposition that the first-to-

4

file rule should not be considered when determining interim lead class counsel. 281 F.R.D. 193 (D. Del. 2012). However, in that case all plaintiffs "agree[d] that consolidation of the claims [wa]s appropriate" and the Court consolidated the two claims. *Id.,* 281 F.R.D. at 198. By contrast, Mott has resisted Campbell's request to transfer the Mott Action to the Northern District of New York where the Campbell Action is pending. (Taylor Decl. at ¶ 8). Moreover, in *Outten* the court held that "the first-to-file factor when appointing lead counsel has been rejected *so as to avoid a 'race to the courthouse*.'" *Id.*, 281 F.R.D. at 199 (emphasis added). But in that case, the plaintiffs filed similar class actions within six weeks of one another, leading to legitimate concerns about a "race to the courthouse." *Id.,* 281 F.R.D. at 194. Here, Campbell originally filed his case more than a year before Mott, and thus there are no comparable concerns.

In any event, when there are multiple law firms qualified to act as interim class counsel, as is the case here, (*see* the Declarations of Sergei Lemberg and Stephen Taylor attached hereto), courts *do* consider which party filed their lawsuit first, as the deciding factor. *See, e.g., Richey v. Ells*, No. 12-CV-02635-WJM-MEH, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("the Court has little difficulty concluding that all of the law firms are more than qualified to handle this action and have adequate resources to pursue this litigation. Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."); *Steele v. United States*, No. CV 14-1523, 2015 WL 4121607, at *4 n.2 (D.D.C. June 30, 2015) ("the Court finds that since both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Moradi v. Adelson*, No. 11-CV-00490-GMN-RJJ, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011) ("as the Moradi Plaintiffs were the first to file suit it

5

would be appropriate to assign Kendall Law Group as lead counsel."). Thus, notwithstanding that a decision regarding interim class counsel should be decided in the Northern District of New York, given that both counsel for Campbell and Mott are qualified to act as interim lead class counsel, Campbell's counsel should be appointed as they were the first to file.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Plaintiff Barbara Mott's Motion for Appointment of Interim Lead Class Counsel.

Dated: April 18, 2018

                     Respectfully submitted,

          By: */s/ Tamra Givens*
             Tamra Givens (Bar. No. 657638)
             LEMBERG LAW, LLC
             43 Danbury Road
             Wilton, CT 06897
             Telephone: (203) 653-2250
             Facsimile: (203) 653-3424
             *Attorneys for Roy Campbell*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party using the Court's CM/ECF system.

                                                */s/ Tamra Givens*
                                                Tamra Givens